# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

THE SCHOOL BOARD OF ST.
JOHNS COUNTY, FLORIDA,

    Plaintiff,

v.                                        Case No. 3:23-cv-864-MMH-LLL

C.L.,

    Defendant.

---

THE SCHOOL BOARD OF ST.
JOHNS COUNTY, FLORIDA,

    Plaintiff,

v.                                        Case No. 3:23-cv-1285-MMH-LLL

C.L., by and through C.L.'s Parents,
K.L. and M.L.,

    Defendant.

---

## O R D E R

**THESE CAUSES** are before the Court on Plaintiff C.L.'s Motions to Dismiss the above consolidated cases.[1]  See 864 Action, Motion to Dismiss (Doc.

---

[1] On February 20, 2024, the Court entered an Order (Doc. 15) consolidating the above-named cases at the parties' request. Defendant filed the Motions to Dismiss prior to consolidation. The Court will refer to case number 3:23-cv-864-MMH-LLL as the 864 Action, and case number 3:23-cv-1285-MMH-LLL as the 1285 Action.

6; First Motion), filed on October 1, 2023; <u>1285 Action</u>, Motion to Dismiss (Doc. 14; Second Motion), filed on January 5, 2024. Plaintiff, the School Board of St. Johns County, Florida, filed a response in opposition to each Motion. See <u>864 Action</u>, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 9; First Response), filed on October 30, 2023; <u>1285 Action</u>, Plaintiff's Response in Opposition to Defendant's Motion to Dismiss (Doc. 24; Second Response), filed on January 26, 2024. Accordingly, these matters are ripe for review.

## I. Background

These cases arise under the Individuals with Disabilities Education Act (IDEA), 20 U.S.C. § 1400 <u>et seq.</u>, and corresponding Florida laws, which "guarantee[] disabled students a Free and Appropriate Public Education ('FAPE')." <u>Loren F. ex rel. Fisher v. Atl. Independent Sch. Sys.</u>, 349 F.3d 1309, 1311 (11th Cir. 2003). "To provide a FAPE, a school formulates an Individual Educational Plan ('IEP') during a meeting between the student's parents and school officials." <u>Id.</u> at 1312. If the parents and the school "cannot agree on the contents of the IEP, either party may request a due process hearing." See <u>School Bd. of Lee Cnty., Fla. v. M.M. ex rel. M.M.</u>, 348 F. App'x 504, 506 (11th Cir. 2009).[2] In Florida, the appropriate procedure "is to request a due process

---

[2] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited in this Order when the Court finds them persuasive on a particular point. See

- 2 -

hearing with a state administrative law judge [ALJ] in the Florida Division of Administrative Hearings [DOAH]."  See L.G. ex rel. B.G. v. Sch. Bd. of Palm Beach Cnty., 255 F. App'x 360, 363 (11th Cir. 2007).  If either party is "aggrieved by the result of the administrative proceedings," the IDEA authorizes that party to bring a civil action challenging the decision in a federal district court.  See Walker Cnty. Sch. Dist. v. Bennett ex rel. Bennett, 203 F.3d 1293, 1294 (11th Cir. 2000); Sch. Bd. of Lee Cnty., Fla., 348 F. App'x at 506-07; see also 20 U.S.C. § 1415(i)(2)(A).  In any such action, the statute directs that the reviewing court:

> (i) shall receive the records of the administrative proceedings;
>
> (ii) shall hear additional evidence at the request of a party; and
>
> (iii) basing its decision on the preponderance of the evidence, shall grant such relief as the court determines is appropriate.

See 20 U.S.C. § 1415(i)(2)(C).

Here, the School Board seeks judicial review of two administrative decisions concerning C.L., a child with a disability, who was enrolled in the School District of St. Johns County, Florida.  See 864 Action, Complaint (Doc. 1) ¶¶ 4, 6; 1285 Action, Complaint (Doc. 1) ¶¶ 5, 9.  According to the allegations

---

McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022); see generally Fed. R. App. P. 32.1; 11th Cir. R. 36–2 ("Unpublished opinions are not considered binding precedent, but they may be cited as persuasive authority.").

of the Complaints, C.L. has a history of disruptive behaviors at school which increased in frequency and intensity from November 30, 2022, through January 24, 2023. See 864 Action, Complaint ¶¶ 12-13; 1285 Action, Complaint ¶¶ 15-16. In February 2023, the school personnel on C.L.'s IEP team determined that "maintaining [C.L.'s] current placement was substantially likely to result in injury to the student or to others, based on data collected by the school." See 864 Action, Complaint ¶ 14; 1285 Action, Complaint ¶ 17. In addition, the school personnel took the position that a more restrictive placement was necessary for C.L. to receive a FAPE. See 864 Action, Complaint ¶ 15; 1285 Action, Complaint ¶ 18.

On March 9, 2023, C.L.'s parents filed a request for a due process hearing with the DOAH challenging the school's decision to place C.L. in a more restrictive setting, among other things. See 864 Action, Complaint ¶ 17; 1285 Action, Complaint ¶¶ 20-21. Soon after C.L.'s parents filed the Student Petition, on March 15, 2023, the School Board filed a separate request for a due process hearing concerning C.L.'s placement (the School Petition). See 864 Action, Complaint ¶¶ 19-20. Specifically, the School Board "sought to obtain an order permitting it to change [C.L.'s] placement to a separate class placement with a low student-to-teacher ratio." Id. ¶ 20. The two matters were consolidated and the ALJ held an expedited due process hearing over a span of five days. See id. ¶¶ 21-24.

Upon completion of the due process hearing, the ALJ entered an order on April 24, 2023, severing the two cases. Id. ¶ 25. On April 25, 2023, the ALJ issued a Final Order on the School Petition. See id. ¶ 26, Ex. A (April Order). In the April Order, the ALJ ruled in C.L.'s favor. See id. ¶¶ 27-29. The School Board, as the aggrieved party, filed the 864 Action on July 24, 2023, challenging the April Order. A week later, on July 31, 2023, the ALJ entered a Final Order on the Student Petition. See 1285 Action, Complaint ¶ 33; see also Second Motion, Ex. 4 (July Order). The ALJ also ruled in favor of C.L. in the July Order. See 1285 Action, Complaint ¶¶ 35-40. As such, on October 27, 2023, the School Board, as the aggrieved party, filed the 1285 Action seeking judicial review of the July Order. C.L. now moves to dismiss both cases, primarily based on his contention that the School Board fails to state a claim upon which relief can be granted.

## II. Standard of Review

In ruling on a motion to dismiss for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure (Rule(s)), the Court must accept the factual allegations set forth in the complaint as true. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Swierkiewicz v. Sorema N.A., 534 U.S. 506, 508 n.1 (2002); see also Lotierzo v. Woman's World Med. Ctr., Inc., 278 F.3d 1180, 1182 (11th Cir. 2002). In addition, all reasonable inferences should be drawn in favor of the plaintiff. See Randall v. Scott, 610 F.3d 701, 705 (11th Cir. 2010).

Nonetheless, the plaintiff must still meet some minimal pleading requirements. Jackson v. Bellsouth Telecomm., 372 F.3d 1250, 1262–63 (11th Cir. 2004) (citations omitted). Indeed, while "[s]pecific facts are not necessary," the complaint should "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" Erickson v. Pardus, 551 U.S. 89, 93 (2007) (per curiam) (quoting Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007)). Further, the plaintiff must allege "enough facts to state a claim to relief that is plausible on its face." Twombly, 550 U.S. at 570. "A claim has facial plausibility when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678 (citing Twombly, 550 U.S. at 556). The "plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555 (internal quotations omitted); see also Jackson, 372 F.3d at 1262 (explaining that "conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal") (internal citation and quotations omitted). Indeed, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions," which simply "are not entitled to [an] assumption of truth." Iqbal, 556 U.S. at 678, 680. Thus, in ruling on a motion to dismiss, the Court must determine whether the complaint contains

"sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 (quoting Twombly, 550 U.S. at 570).

### III. Discussion

#### A. 864 Action, First Motion

##### 1. Personal Jurisdiction

In the First Motion, C.L. moves to dismiss the 864 Action on two grounds: lack of personal jurisdiction and failure to state a claim. See generally First Motion. The Court turns first to the personal jurisdiction argument. C.L. contends that he is a minor and as such, he does not have the capacity to be sued. Id. at 1. C.L. then makes the analytical leap that his lack of capacity for suit also deprives the Court of personal jurisdiction over him. Id. Notably, C.L. fails to cite any legal support for this leap in reasoning, and upon review, the Court finds C.L.'s argument to be without merit.

Pursuant to Rule 4(k), "[s]erving a summons or filing a waiver of service establishes personal jurisdiction over a defendant . . . who is subject to the jurisdiction of a court of general jurisdiction in the state where the district court is located . . . ." See Rule 4(k)(1)(A). On August 16, 2023, the School Board filed a waiver of service executed by C.L.'s attorney of record in this case. See 864 Action, Waiver of the Service of Summons (Doc. 5). In addition, the School Board alleges in the Complaint that C.L. attends school in the State of Florida and invoked the State of Florida's IDEA administrative review process. See

864 Action, Complaint ¶¶ 4, 17. These unrebutted allegations are sufficient to satisfy the Court that C.L. is a Florida resident subject to the jurisdiction of Florida courts. Indeed, defense counsel does not offer any argument or evidence to the contrary.

Instead, C.L. argues that the Court lacks personal jurisdiction over him based on his status as a minor. But the fact that C.L. is a minor is inapposite to the issue of personal jurisdiction. See Smith v. Langford, 255 So. 2d 294, 296 (Fla. 1st DCA 1971) (explaining that the rule governing capacity to be sued "is procedural only and does not constitute a jurisdictional bar to an action brought by or against a minor in his individual capacity").³ Indeed, the Federal Rules of Civil Procedure provide that where a minor is sued in federal court, a general guardian may defend the case on the child's behalf. See Rule 17(c)(1)(A). If the minor has no general guardian, the Rule requires a court to "appoint a guardian ad litem—or issue another appropriate order—to protect" the minor. See Rule 17(c)(2). The plain implication of this Rule is that a defendant's status as a minor is not a basis for dismissal. See Smith, 255 So. 2d at 296 (observing that Florida's analogous rule governing capacity "confers upon the trial court the discretion to make such provision for the protection of

---

³ Rule 17(b) provides that an individual's capacity to be sued is governed by the law of the individual's domicile. As such, and because the Florida Rule of Civil Procedure governing capacity is analogous to Rule 17, compare Rule 17 with Rule 1.210, Fla. R. Civ. P., the Court finds this Florida state court decision to be persuasive authority on the issue.

the infant's interest in the litigation as may appear proper and necessary, but it does not divest the court of jurisdiction over the person of the infant merely because he . . . is sued as a defendant in an individual capacity and not by a guardian or next friend."). And significantly, C.L. does not cite a single case where a court has found dismissal appropriate based on a defendant's status as a minor. See Motion at 1. To the contrary, the only capacity case cited in the Motion is Gonzalez-Jimenez de Ruiz v. United States, 231 F. Supp. 2d 1187, 1197 (M.D. Fla. 2002) in which the court reasoned that even if the minor plaintiffs were required to sue through a next friend, the court could order such an appointment without dismissing the case. Thus, to the extent C.L. requests dismissal based on his status as a minor, the Motion is due to be denied.

Nevertheless, pursuant to Rule 17, the Court takes this opportunity to ensure that C.L.'s interests are adequately protected in the matters pending before the Court. Upon review of the record, it appears that C.L. has parents who are acting on his behalf and who obtained a lawyer to represent him in the underlying administrative proceedings and before this Court. See First Motion, Exs. 1, 2; First Response, Ex. 1; see also Fla. Stat. § 744.301(1) (providing that "parents jointly are the natural guardians of their own children . . . during minority . . . ."). In an abundance of caution and to clarify the record, the Court will direct the parties to confer and file a notice confirming that C.L. has representation under Rule 17(c)(1) so that the docket may be updated

accordingly. However, if counsel, as officers of the Court, have reason to believe that C.L.'s interests are not adequately protected in either the 864 Action or the 1285 Action, counsel must promptly notify the Court so that appropriate protective measures can be taken.

### 2. Failure to State a Claim

Next, C.L. argues that dismissal is warranted pursuant to Rule 12(b)(6) for failure to state a claim. See First Motion at 2. According to C.L., the School Board fails to state a claim in the 864 Action because it does not allege in the Complaint with the "requisite specificity, what the standard of review is, under what theory the ALJ decided wrongly and what relief the plaintiff would be entitled [sic]." See id. at 2. In the Response, the School Board argues that the Complaint provides adequate notice to C.L. that the School Board "seeks to challenge, vacate, and/or reverse a Final Order entered in an IDEA due process case through which [C.L.] was a party." See First Response at 7. Upon review, the Court finds that the School Board has adequately stated a claim for relief pursuant to 20 U.S.C. § 1415(i)(2).[4]

---

[4] To the extent defense counsel argues that dismissal is warranted because the factual allegations in the Complaint are inconsistent with the administrative record, see Motion at 3, such an argument is unavailing. Plainly, a motion to dismiss for failure to state a claim is not the appropriate mechanism by which to challenge the factual correctness of the School Board's allegations. See Erickson, 551 U.S. at 94 ("[W]hen ruling on a defendant's motion to dismiss, a judge must accept as true all of the factual allegations contained in the complaint." (emphasis added)). And notably, counsel does not identify which allegations she contends are inconsistent with the record, much less identify the evidence that supports her position. Indeed, the parties only recently filed the administrative record with the Court. Consistent with the requirements of Rule 11, defense counsel is cautioned that she should ensure her

As previously stated, "[a]ny party aggrieved by the result of the administrative proceedings in the state system has the right, under § 1415(i)(2), to bring a civil action in the district court . . . ." See Walker, 203 F.3d at 1294. Here, the School Board presents factual allegations demonstrating the existence of a dispute between the parties arising under the IDEA concerning the appropriate setting for C.L. to receive his FAPE. See 864 Action, Complaint ¶¶ 6-16. The School Board asserts that it filed a due process petition concerning this dispute with the Florida DOAH, and that the ALJ rendered a final decision in C.L.'s favor. See 864 Complaint ¶¶ 19, 26-29, Ex. A.[5] The School Board asserts that it is aggrieved by that decision, see id. ¶¶ 27-30, identifies the specific aspects of the decision that it contends are erroneous, and asserts that the "testimony, record evidence, and applicable law do not support" those findings. See id. ¶ 33. Based on these allegations, the School Board asks this Court to reverse and/or vacate that decision. Id. at 11.

Notably, aside from broad principles of law, C.L. cites no authority for the proposition that greater specificity is required to state a claim for judicial review under the IDEA. See Landmark Fin. Solutions, LLC v. Jenkins, No.

---

arguments are legally and factually supported before raising them in federal court. Throwaway arguments such as these do nothing more than waste judicial resources.

[5] The Court notes that C.L. does not argue that the School Board failed to state an actionable IDEA claim in the underlying due process petition.

3:14-cv-721-J-20JBT, 2014 WL 12984569, at *1 (denying a motion to dismiss where the defendant "appears to have used merely boilerplate language outlining the standards of review for a motion to dismiss without any substantive argument").[6]  And indeed, the School Board is not required to cite specific evidence or present legal arguments in its pleading.  See Chevy Chase Bank, F.S.B. v. Carrington, No. 609-CV-2132-ORL31GJK, 2010 WL 745771, at *4 (M.D. Fla. Mar. 1, 2010) (explaining that "lengthy legal arguments, case citations, and quotations from treatises" are "almost never proper in a complaint").  Rather, all that is required is a "short and plain statement of the claim showing that the pleader is entitled to relief . . . ."  See Rule 8(a)(2).  The Court is satisfied that the School Board's allegations are sufficient to meet that standard and invoke its right to judicial review of the ALJ's decision under the IDEA.  See Sch. Bd. of Lee Cnty., Fla., 348 F. App'x at 509; see also Torres v. Sampson Cnty. Bd. of Educ., No. 7:22-CV-99-FL, 2022 WL 17682634, at *7 (E.D.N.C. Dec. 14, 2022).

C.L.'s last argument in the First Motion is not entirely clear.  See First Motion at 3-4.  C.L. appears to contend that the School Board cannot challenge the ALJ's decision on the School Petition (the April Order), because the School

---

[6] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority.  See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects.").

Board had not challenged the ALJ's decision on the Student Petition (the July Order). See First Motion at 3-4. But, as stated in the School Board's Response, the School Board has now filed a timely challenge to the July Order. See First Response at 8.[7] Because the premise of C.L.'s argument is no longer accurate, the Court rejects his request for dismissal on this basis as well.

Nevertheless, the Court does question whether the 864 Action continues to be a live controversy given the ALJ's subsequent decision on the Student Petition set forth in the July Order. However, neither party squarely or comprehensively addresses this issue in the briefing currently before the Court. Moreover, resolving this question will require the Court to delve into the administrative record, review the administrative procedures invoked and the substance of the decisions, and consider the applicable law. Given that the cases are now consolidated, the Court will allow the 864 Action to proceed and address any question as to its mootness when it takes up the merits of the School Board's claims. In light of the foregoing, the Court will deny the First Motion.

### B. 1285 Action, Second Motion

In the Second Motion, C.L. argues that the 1285 Action is due to be dismissed for failure to state a claim pursuant to Rule 12(b)(6). See Second

---

[7] Notably, when the School Board filed the 864 Action in which it challenges the April Order, the ALJ had not yet issued the July Order.

Motion at 4.  C.L. contends that the School Board has "failed to identify with the requisite specificity, what findings were not supported by the record, under what theory or law the ALJ decided wrongly nor [sic] why the relief awarded was improper."  Id. at 4.  But, as above, C.L. fails to identify a single case where a court has found that the level of detail C.L. demands is necessary to state a claim for judicial review under the IDEA.  Upon review of the Complaint in the 1285 Action, the Court is satisfied that the School Board's allegations are sufficient to provide C.L. "'fair notice of what the . . . claim is and the grounds upon which it rests.'"  See Erickson, 551 U.S. at 93 (quoting Twombly, 550 U.S. at 555).  Indeed, the School Board alleges the facts giving rise to the underlying IDEA dispute, identifies the decision being challenged, alleges that it is aggrieved by that decision, and lists specific aspects of the decision that it contends are not supported by the evidence or the law.  See 1285 Action, Complaint ¶¶ 35-40.  Thus, for the same reasons discussed above, the Court will deny C.L.'s request for dismissal on this basis.

Next, C.L. argues that the School Board alleges facts that are inconsistent with the administrative record.  See Second Motion at 5.  C.L. contends that the School Board is "now attempting to bring in facts that were specifically excluded by the ALJ as being irrelevant to the case before it."  Id.  As noted above, see supra note 4, this argument is without merit.  Remarkably, C.L. presents this argument without identifying which allegations it contends are

inconsistent with the administrative record, or citing the evidence that supports his position. But regardless, even accepting C.L.'s position that the School Board's allegations are inconsistent with the administrative record, C.L. cites no legal authority to suggest that this argument is a proper basis for dismissal at this stage in the proceedings. Indeed, as previously explained, the Court must accept as true the factual allegations in the Complaint when presented with a Rule 12(b)(6) motion to dismiss. See supra note 4. C.L.'s argument—for which he cites no legal authority—is also undermined by the plain text of the statute which specifically authorizes the Court to "hear additional evidence at the request of a party . . . ." See 20 U.S.C. § 1415(i)(2)(C)(ii). Notably, the Eleventh Circuit has identified "improper exclusion of evidence by the administrative agency" as one potential reason a district court could exercise its discretion to allow additional evidence. See Walker Cnty. Sch. Dist., 203 F.3d at 1298-99 (quoting Town of Burlington v. Dep't of Educ., 736 F.2d 773, 790-91 (1st Cir. 1984) aff'd, 471 U.S. 359 (1985)). The Court expresses no opinion on whether it will consider such evidence but, for purposes of resolving the instant Motion, the School Board's reliance on disputed facts is plainly not a basis for dismissal.

Last, C.L. argues that certain "issues" alleged in the 1285 Action should be dismissed because the issues are "unrelated" to the 1285 Action and "should have been raised" in the 864 Action. See Second Motion at 5-6. According to

C.L., "[t]hese matters should have been raised in the [864 Action] and since they were not raised in the [864 Action], it is now too late." Id. at 5. Specifically, C.L. identifies the unrelated issues as those set forth in paragraph 47 of the Complaint which states:

> DOAH erred and unfairly prejudiced [the School Board] when it failed to bifurcate the expedited and non-expedited issues raised in [the Student Petition] and [the School Petition] and required [the School Board] to present its case-in-chief before [C.L.] and on an expedited basis. Stated simply, by requiring [the School Board] to present its case-in-chief first and prove that it provided FAPE to [C.L.], DOAH improperly shifted the burden to [the School Board] and shortened the timeframes applicable to non-expedited proceedings.

See 1285 Action, Complaint ¶ 47.

Upon review, the Court finds C.L.'s request for dismissal of these "issues" is due to be denied. Significantly, C.L.'s argument on this point is poorly developed and largely conclusory. Indeed, C.L. insists that these issues "should have been" raised in the 864 Action but makes no effort to explain why. C.L. maintains that the issues "are unrelated to the case at bar" but does not elaborate on why the matters raised in paragraph 47 are related to the 864 Action but not the 1285 Action. Based on these few vague sentences, the Court cannot discern the basis for C.L.'s arguments and declines to speculate or make arguments on C.L.'s behalf.

Regardless, the argument appears to be intertwined with the merits of this case such that the Court would need to review the administrative record

and the substance of the ALJ's rulings to resolve it. At this stage of the proceedings, the Court is satisfied that the School Board has adequately alleged that these issues concern the ALJ's resolution of the Student Petition as set forth in the July Order. To the extent C.L. disputes the School Board's characterization of the administrative proceedings, he is free to raise these arguments at a later stage in these proceedings. In light of the foregoing, it is

**ORDERED:**

1. Defendant's Motions to Dismiss filed at Document 6 in 3:23-cv-864-MMH-LLL, and at Document 14 in 3:23-cv-1285-MMH-LLL are **DENIED**.

2. On or before **June 28, 2024**, the parties shall confer and file a notice advising the Court of C.L.'s representation under Rule 17(c)(1).

**DONE AND ORDERED** in Jacksonville, Florida this 30th day of May, 2024.

**MARCIA MORALES HOWARD**
United States District Judge

lc11
Copies to:

Counsel of Record

- 17 -