UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE SCHOOL BOARD OF ST.
JOHNS COUNTY, FLORIDA,

    Plaintiff,

v.       Case No.  3:23-cv-864-MMH-LLL

C.L.,

    Defendant.

THE SCHOOL BOARD OF ST.
JOHNS COUNTY, FLORIDA,

    Plaintiff,

v.       Case No.  3:23-cv-1285-MMH-LLL

C.L., by and through C.L.'s
Parents, K.L. and M.L.,

    Defendant.

# **O R D E R**[1]

**THIS CAUSE** is before the Court on the Report and Recommendation (Doc. 37; Report), entered by the Honorable Laura Lothman Lambert, United States Magistrate Judge, on January 30, 2025. In the Report, Judge Lambert recommends that the parties' cross motions for judgment on the administrative record each be granted in part and denied in part. See generally Report; Plaintiff's Motion for Judgment on the Administrative Record (Doc. 26), filed on May 6, 2024; Defendant's Response to the Plaintiff's Motion for Judgment on the Administrative Record and Defendant's Motion for Judgment on the Administrative Record (Doc. 30), filed on June 14, 2024. No party filed objections to the Report, and the time to do so has expired. Accordingly, this matter is ripe for review.

The Court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b). Under Rule 72, Federal Rules of Civil Procedure, the Court "must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3); see also 28 U.S.C. § 636(b)(1). However, a party waives the right to challenge on appeal any unobjected-to factual and legal

---

[1] For readability and to avoid confusion, when citing to the administrative record, the Court adopts the same document naming conventions in this Order as the Magistrate Judge used in the Report. The Court does not redefine those conventions here. When citing to docket entries, the Court refers to entries made in the lead case, Case No. 3:23-cv-864-MMH-LLL. The plaintiff, St. Johns County School Board, is referred to as the "School Board."

conclusions. See 11th Cir. R. 3-1.[2] As such, the Court reviews those portions of the Magistrate Judge's findings to which no objection was filed for plain error and only if necessary, in the interests of justice. See id.; see also Thomas v. Arn, 474 U.S. 140, 150 (1985) ("It does not appear that Congress intended to require district court review of a magistrate [judge's] factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings."); Dupree v. Warden, 715 F.3d 1295, 1304–05 (11th Cir. 2013) (recommending the adoption of what would become 11th Circuit Rule 3-1 so that district courts do not have "to spend significant amounts of time and resources reviewing every issue—whether objected to or not").

Upon independent review of the file, the Court will accept and adopt the Magistrate Judge's recommended disposition of the Motions.[3] Considering that no objections were filed to the Magistrate Judge's recommended factual and legal conclusions, de novo review of those conclusions is unnecessary. See Thomas, 474 U.S. at 150. Nevertheless, in the interests of clarity, the Court offers the following comments.

---

[2] The Magistrate Judge properly informed the parties of the time period for objecting and the consequences of failing to do so. See Report at 49.

[3] The Court reads the reference to "Kathryn Fini" on page 13 of the Report as referring to "Kathlyn Fini." See AR1 at 284. The Court reads the references to "Michael Curtin" and "Amanda Ridel" on page 14 of the Report as referring to "Michele Curtin" and "Amanda Riedl." See id. at 285. The Court reads the reference to "G.C. v. Muscogee Cnty. Sch. Dist., 668 F.3d 1258, 1270 (11th Cir. 2012)" on page 32 of the Report as referring to "G.J. v. Muscogee Cnty. Sch. Dist., 668 F.3d 1258, 1270 (11th Cir. 2012)."

First, as to the mootness of the 864 Action, all that the Board seeks in the 864 Action is that the Court enter judgment "(a) reversing and/or vacating the [April] Order; (b) declaring the School Board the prevailing party in [DOAH II] and in this proceeding; (c) awarding the School Board attorneys' fees and costs; and (d) [awarding] any other relief this Court deems just and appropriate." See Complaint (Doc. 1), filed on July 24, 2023, at 11. As to the School Board's request that the Court reverse or vacate the April Order, this request was mooted by the entry of the July Order because, even if the Court concluded the ALJ erred in denying the School Board expedited process, the process could no longer be expedited because it was completed upon the entry of the July Order. As to the School Board's request that the Court declare the School Board to be the prevailing party in DOAH II, this declaration would have no discernable effect, particularly because the Court is vacating the ALJ's award of attorney's fees. And last, the Court cannot provide the Board with its third form of requested relief—attorney's fees—because the Board has not contended (nor could it, on this record) that C.L. engaged in litigation that was "frivolous, unreasonable, or without foundation," or brought for an improper purpose. See 20 U.S.C. § 1415(i)(3)(B)(i); Fla. Admin. Code R. 6A-6.03311(9)(x). The Board has articulated no other relief that, granted now, would be appropriate to remedy any legal error in the April Order. Accordingly, the claims in the 864 Action are moot.

Second, as to the attorney's fees awarded by the ALJ, the Court concludes that the IDEA does not permit state hearing officers to award these fees. See Zipperer ex rel. Zipperer v. Sch. Bd. of Seminole Cnty., 111 F.3d 847, 851 (11th Cir. 1997). While C.L. argues that Florida state law provides an independent basis for an ALJ to award attorney's fees, the Court agrees with the thorough analysis undertaken by the district court for the Southern District of Florida in School Board of Broward County v. C.B. and adopts that reasoning here to conclude that Florida law does not permit an ALJ to award attorney's fees incurred in due process hearings under the IDEA. See Sch. Bd. of Broward Cnty. v. C.B., 315 F. Supp. 3d. 1312, 1319–23 (S.D. Fla. 2018). As such, the Court will vacate the ALJ's award of attorney's fees. For the same reason, finding no authority under the IDEA or Florida law for the ALJ to award fees for the services of Dr. Sisbarro and the non-attorney advocates, the Court will vacate the ALJ's award of those fees.

Last, as to attorney's fees incurred by the prevailing party in this action, the Court notes that awarding prevailing party attorney's fees is within this Court's discretion under 20 U.S.C. § 1415(i)(3)(B). The Court will consider any request for such fees upon the filing of a proper motion in accordance with Rule 7.01 of the Local Rules of the United States District Court for the Middle District of Florida (Local Rule(s)).

Accordingly, it is hereby

**ORDERED:**

1. The Court **ADOPTS** the Magistrate Judge's recommended disposition of the Motions.

2. As to the claims the School Board brings in Case No. 3:23-cv-864-MMH-LLL, those claims (Doc. 1) are **DISMISSED without prejudice**.

3. As to the claims raised in Case No. 3:23-cv-1285-MMH-LLL:

   A. The ALJ's findings in the July Order that the School Board violated the procedural requirements of the IDEA and that C.L. was denied FAPE are **AFFIRMED**. Accordingly, on these issues, the School Board's Motion for Judgment on the Administrative Record (Doc. 26) is **DENIED** and C.L.'s Cross-Motion for Judgment on the Administrative Record (Doc. 30) is **GRANTED**.

   B. The ALJ's award of compensatory education in the July Order is **AFFIRMED**. Accordingly, on this issue, the School Board's Motion (Doc. 26) is **DENIED** and C.L.'s Cross-Motion (Doc. 30) is **GRANTED**.

   C. The ALJ's awards of compensation to C.L. for attorney's fees, fees for Dr. Sisbarro's evaluation, and fees for non-attorney

services in the July Order are **VACATED**. Accordingly, on these issues, the School Board's Motion (Doc. 26) is **GRANTED** and C.L.'s Cross-Motion (Doc. 30) is **DENIED**.

D. Any party wishing to seek an award of attorney's fees and costs under 20 U.S.C. § 1415(i)(3) may do so by filing post-judgment motions in accordance with Local Rule 7.01.

4. The Clerk of the Court is directed to enter **JUDGMENT** in conformity with this Order and close the cases.

**DONE AND ORDERED** in Jacksonville, Florida this 21st day of March, 2025.

*[signature]*

MARCIA MORALES HOWARD
United States District Judge

lc33

Copies to:
Counsel of Record