UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

THE SCHOOL BOARD OF ST.
JOHNS COUNTY, FLORIDA,

    Plaintiff,

v.                            Case No. 3:23-cv-864-MMH-LLL

C.L.,

    Defendant.

_____

THE SCHOOL BOARD OF ST.
JOHNS COUNTY, FLORIDA,

    Plaintiff,

v.                            Case No. 3:23-cv-1285-MMH-LLL

C.L., by and through C.L.'s Parents,
K.L. and M.L.,

    Defendant.

_____

**O R D E R**

**THIS CAUSE** is before the Court on Defendant, C.L., by and through C.L.'s Parents, K.L. and M.L.'s, Motion on Entitlement for Attorneys' Fees and Expenses (Doc. 41; Motion), filed April 4, 2025. Upon review of the Motion, the Court finds that it fails to comply with Rule 7.01, Local Rules of the United

States District Court for the Middle District of Florida (Local Rule(s)).[1] Accordingly, the Court will deny the Motion without prejudice and give Defendant the opportunity to file a motion that complies with the Local Rules.

In the Motion, Defendant includes only two paragraphs of argument concerning entitlement to fees. See Motion at 7–8. The remainder of Defendant's argument focuses on the amount of fees. See Motion at 8–11. Accordingly, the Motion is deficient in that it fails to adequately address the basis of Defendant's entitlement to fees while including far too much detail at this stage of the proceedings regarding the amount of fees sought. See Local Rule 7.01.[2] Also, the Court notes that in the Motion, Defendant fails to

---

[1] In relevant part, Local Rule 7.01 provides:

(a) BIFURCATED PROCEDURE. Except in a social security action, a party claiming a post-judgment attorney's fee and related non-taxable expenses must obtain an order determining entitlement before providing a supplemental motion on amount.
(b) MOTION ON ENTITLEMENT. Within fourteen days after entry of judgment, the party claiming fees and expenses must request a determination of entitlement in a motion that:
(1) specifies the judgment and the statute, rule, or other ground entitling the movant to the award,
(2) states the amount sought or provides a fair estimate of the amount sought, and
(3) includes a memorandum of law.

Local Rule 7.01. In subsection (c), the Local Rule sets forth the requirements of the second step of the bifurcated process for claiming attorney's fees (the step concerning the amount of fees).

[2] Notably, Defendant's argument concerning the amount of fees that should be awarded also fails to satisfy the requirements of Local Rule 7.01(c).

differentiate between Defendant's claimed entitlement to fees incurred at the administrative level and fees incurred before this Court. See generally Motion; see also Zipperer By & Through Zipperer v. Sch. Bd. of Seminole Cnty., Fla., 111 F.3d 847, 850–52 (11th Cir. 1997) (discussing a previous version of the attorney's fees statute and describing an action for attorney's fees as a separate action from the appeal of a substantive administrative decision); Robert K. v. Cobb Cnty. Sch. Dist., No. 1:05-CV-2456-JTC, 2007 WL 9701267, at *2 (N.D. Ga. Aug. 8, 2007) (applying the current version of the attorney's fee statute and noting that "the parents of a child who prevails in a state administrative proceeding under the IDEA may bring an independent cause of action under the IDEA for the recovery of attorney's fees").[3] Defendant's Motion also fails to take account of the fact that this case is the consolidation of two separate actions for which the entitlement to fees must be determined separately. See generally Motion; see also Order (Doc. 38; Order on Motions for Judgment), entered March 21, 2025.

The Court previously directed Defendant to supplement the Motion with a certification under Local Rule 3.01(g), indicating whether Plaintiff agrees to the relief requested. See Order (Doc. 42), entered April 7, 2025. Defendant

---

[3] The Court notes that although decisions of other district courts are not binding, they may be cited as persuasive authority. See Stone v. First Union Corp., 371 F.3d 1305, 1310 (11th Cir. 2004) (noting that, "[a]lthough a district court would not be bound to follow any other district court's determination, the decision would have significant persuasive effects").

failed to do so by the April 14, 2025 deadline. The next day, Defendant did file a supplement, see Supplement to Defendant's Motion on Entitlement for Attorneys' Fees and Expenses (Doc. 43; Supplement), and a motion to extend the time to file the Supplement, see Motion for a One Day Extension of Time to File a Supplement to Defendant's Motion on Entitlement for Attorneys' Fees and Expenses (Doc. 44; Extension Motion). In the Extension Motion, Defendant represents that on April 14, conferral efforts between the parties were ongoing. See Extension Motion ¶¶ 4–8. Under that circumstance, Defendant's appropriate course of action under Rule 6(b), Federal Rules of Civil Procedure (Rule(s)), would have been to file a motion to extend the deadline before the deadline expired. See Fed. R. Civ. P. 6(b).[4] This approach, in addition to complying with Rule 6(b), would have saved judicial resources because the Court, relying on Defendant's failure to file a supplement by the deadline, had already prepared a draft order addressing the failure and the deficiencies in the Motion.

---

[4] In relevant part, Rule 6(b) provides:

(b) Extending Time.
(1) *In General*. When an act may or must be done within a specified time, the court may, for good cause, extend the time:
(A) with or without motion or notice if the court acts, or if a request is made, before the original time or its extension expires; or
(B) on motion made after the time has expired if the party failed to act because of excusable neglect.

Fed. R. Civ. P. 6(b).

In the Extension Motion and the Supplement, Defendant states that Plaintiff likely agrees that Defendant is entitled to attorney's fees and that Plaintiff will seek to challenge only the amount of fees sought. See generally Supplement; Extension Motion. However, Defendant also represents that conferral is still ongoing. See Extension Motion ¶ 14. For the reasons discussed above, the Motion, which fails to comply with the Local Rules, is due to be denied. Defendant may file renewed motions which follow the required bifurcated procedure after conferring with opposing counsel.

Accordingly, it is

**ORDERED:**

1. Defendant, C.L., by and through C.L.'s Parents, K.L. and M.L.'s, Motion on Entitlement for Attorneys' Fees and Expenses (Doc. 41) is **DENIED WITHOUT PREJUDICE**.

2. Defendant, C.L., by and through C.L.'s Parents, K.L. and M.L.'s, Motion for a One Day Extension of Time to File a Supplement to Defendant's Motion on Entitlement for Attorneys' Fees and Expenses (Doc. 44) is **DENIED AS MOOT**.

3. Defendant shall have up to and including **May 1, 2025**, to file a motion to determine the entitlement for an award of attorney's fees that complies with Local Rules 3.01(g) and 7.01.

**DONE AND ORDERED** in Jacksonville, Florida this 16th day of April, 2025.

*/s/ Marcia Morales Howard*
**MARCIA MORALES HOWARD**
United States District Judge

lc33

Copies to:
Counsel of Record